IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,987-04






EX PARTE REVAT RENE VARA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1061075-A IN THE 208TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while
intoxicated and sentenced to twenty-five years' imprisonment. The First Court of Appeals affirmed
his conviction. Vara v. State, No. 01-07-00291-CR (Tex. App.--Houston [1st Dist.] 2008, pet.
ref'd).

 Applicant contends that trial counsel rendered ineffective assistance because he failed, among
other things, to: (1) investigate the road where the field sobriety test was conducted; (2) retain or
consult with an expert who specializes in treating people with bowed legs; and (3) object when
Applicant was impeached with misdemeanor convictions and prior arrests. Applicant also contends
that counsel elicited that Applicant had fourteen prior convictions and lied to a police officer. 

 Without obtaining a response from trial counsel, the trial court made findings of fact and
conclusions of law and recommended that we deny relief. The trial court found, among other things,
that counsel conducted a thorough investigation of Applicant's case and made reasonable and
strategic decisions after conducting a thorough investigation. These findings, however, have no basis
in the record and are not sufficient to resolve Applicant's claims. Likewise, although derived from
decisions from this Court and the U.S. Supreme Court, the trial court's conclusions of law are not
sufficient to resolve Applicant's claims. They restate widely held principles, but in the absence of
a response from counsel and a developed record, these principles have no bearing on counsel's
conduct and strategy. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to the above claims. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to whether trial
counsel's conduct was deficient and, if so, whether Applicant was prejudiced. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: November 20, 2013

Do not publish